**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOSÉ R. SOTO VILLANUEVA, JOCELINE ORTIZ-POLACO, ERIC NIEVES LÓPEZ and CARMEN MILAGROS MALDONADO DELGADO,**<br><br>Appellants,<br><br><br>v.<br><br><br>**FIRSTBANK PUERTO RICO and SANTANDER FINANCIAL SERVICES, INC.,**<br><br>Appellees. | Civil No. 24-1583 (CVR) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on appeal of an Opinion and Order Granting Motion to Dismiss of the United States Bankruptcy Court and the Judgment of the Bankruptcy Court dismissing the adversary proceeding (Adv. Proc. 22-0023) in its entirety. The Appellants' Brief was filed on June 9, 2025. Docket No. 10. Santander Financial Services, Inc.'s ("Santander Financial") Appellee Brief was filed on July 23, 2025. Docket No. 15. FirstBank Puerto Rico ("FirstBank") did not file a brief. See Docket Nos. 20-21. On September 18, 2025, the matter was referred to me for a Report and Recommendation. Docket No. 18. For the reasons discussed below, I recommend that the United States Bankruptcy Court's dismissal of the adversary proceeding be affirmed in part and reversed in part, and the case remanded to the Bankruptcy Court for further proceedings.

**I.      Factual and Procedural Background**

On April 25, 2022, Appellants filed a Class Action Complaint against FirstBank for purported violations to 11 U.S.C. § 524. Appellants' Appendix ("App.") at 003-018. Appellants

alleged that Banco Santander de Puerto Rico ("Banco Santander") was the pre-petition creditor of Appellants who was notified of all bankruptcy petitions and discharge orders, that FirstBank acquired 100% of the shares of Banco Santander, and that it violated the discharge injunction under 11 U.S.C. § 524, when it sought to collect on Appellants' previously discharged debts. Id. On October 21, 2022, FirstBank answered the complaint alleging, among other matters, that even though it merged with Banco Santander and was the surviving entity of that merger, it did not acquire the loans at issue as part of the merger. Id. at 021-028. On November 16, 2022, Appellants filed an Amended Class Action Complaint again requesting declaratory and injunctive relief, as well as monetary and punitive damages for purported violations of 11 U.S.C. § 524. Id. at 029-047. Appellants included FirstBank and Santander Financial as successors in liability to Banco Santander. Id. at 031-033. Appellants again alleged that Banco Santander was the pre-petition creditor who was notified of all bankruptcy petitions and discharge orders as more fully described below, and that FirstBank acquired 100% of the shares of Banco Santander on September 1, 2020. Id. at 031. Allegations as to Santander Financial were made in the alternative that FirstBank did not acquire from Banco Santander the loans discharged as part of the bankruptcy petitions at issue. Id. at 031-032. Appellants made allegations by generally referring to FirstBank and Santander Financial as "Defendant," stating that all acts and knowledge which are imputed on Defendant are imputed on either FirstBank or Santander Financial as successors in liability of Banco Santander, the creditor who actively participated in the bankruptcy petitions at issue. Id. at 033 n. 3.

Appellants also alleged that Soto-Villanueva and Ortiz-Polaco filed a petition under Chapter 13 of the Bankruptcy Code on October 29, 2016, which was assigned Case No. 16-8627 (the "Soto-Ortiz Bankruptcy Case"). Id. at 032. That Defendant was notified of the petition, was included in the list of creditors, and filed proof of claim. Id. at 033. That the Bankruptcy Court granted a discharge order in favor of petitioners on October 18, 2021, that such a discharge order included the claim of Defendant, and that Defendant had actual or constructive knowledge of the discharge order. Id. at 034. And that, despite the discharge order, Defendant continued collection efforts by selling the debt to Luna Chica, LLC ("Luna") and sending a collection letter to the petitioners on February 1, 2022. Id.

Appellants also allege that Nieves-López filed a petition under Chapter 7 of the Bankruptcy Code on April 12, 2017, which was assigned Case No. 17-2550 (the "Nieves Bankruptcy Case"). Id. at 035. That Defendant was included in the list of creditors. Id. That the Bankruptcy Court

<u>Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al</u>.
Civil No. 24-1583 (CVR)

granted a discharge order in favor of petitioner on July 7, 2017, that such a discharge order included the claims of Defendant, and that Defendant had actual or constructive knowledge of the discharge order. <u>Id</u>. And that, despite the discharge order, Defendant continued collection efforts by selling the debts to Luna and sending a collection letter to the petitioner on February 1, 2022. <u>Id</u>. at 036.

Appellants also allege that Maldonado-Delgado filed a petition under Chapter 13 of the Bankruptcy Code on August 2, 2019, which was assigned Case No. 19-4425 (the "Maldonado Bankruptcy Case"). <u>Id</u>. at 036. That Defendant was notified of the petition, was included in the list of creditors, and filed proof of claim in the Maldonado-Delgado Bankruptcy Case. <u>Id</u>. at 037. That the Bankruptcy Court granted a discharge order in favor of petitioner on August 24, 2021, that such a discharge order included the claims of Defendant, and that Defendant had actual or constructive knowledge of the discharge order. <u>Id</u>. at 011. And that, despite the discharge order, Defendant continued collection efforts by selling the debts to Luna and sending a collection letter to the petitioner on February 1, 2022. <u>Id</u>. at 038.

On May 26, 2023, the Bankruptcy Court entered an Order to Show Cause, explaining that Appellants had filed a parallel action in the United States District Court for the District of Puerto Rico against Island Portfolio Services LLC ("Island Portfolio") and Luna, Civil No. 22-1417 (SCC), premised on the same letter and discharge orders that gave rise to the claims before the Bankruptcy Court, and ordering the parties to show cause why reference of the adversary proceeding should not be withdrawn to the District Court. <u>Id</u>. at 060-063.[1] Among other reliefs in Civil No. 22-1417, Plaintiffs requested that Island Portfolio be held liable for violations of 11 U.S.C. § 524, on account of the same February 2022 letter referenced in the complaint filed before the Bankruptcy Court. Civil No. 22-1417 at Docket No. 34 (Count IV of the Amended Class Action Complaint). On June 7, 2023, Island Portfolio filed a motion informing the Bankruptcy Court that withdrawal of reference was not warranted. <u>Id</u>. at 078-082. Santander Financial opposed the withdrawal of reference. <u>Id</u>. at 093-096. And so did Appellants. <u>Id</u>. at 097-118. On October 2, 2023, the Bankruptcy Court entered an Order and Certification to the United States District Court for the District of Puerto Rico. <u>Id</u>. at 144-153. The Bankruptcy Court explained that Appellants had filed a second civil action against Luna at Civil No. 23-1043 (RAM), premised on the same

---

[1]    On January 27, 2023, Plaintiffs in Civil No. 22-1417 filed a notice of voluntary dismissal of the claims against Luna. Civil No. 22-1417 at Docket No. 27. Partial Judgment dismissing all claims against Luna was entered on January 30, 2023. <u>Id</u>. at Docket No. 31.

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

letter and discharge orders that gave rise to the claims before the Bankruptcy Court. Again, among other reliefs, Plaintiffs in Civil No. 23-1043 requested that Luna be held liable for violations of 11 U.S.C. § 524, on account of the February 2022 letter. Civil No. 23-1043 at Docket No. 13 (Count IV of the Class Action Complaint).The Bankruptcy Court expressed that, since the operative facts leading to the filing of the adversary proceeding against FirstBank and Santander Financial and the two civil actions against Island Portfolio and Luna were the same, it was referring the matter to the District Court to order the withdrawal of reference of the adversary proceeding. Id. The District Court in both civil actions declined to withdraw the reference of the adversary proceeding. See Civil No. 22-1417 at Docket No. 53 and Civil No. 23-1043 at Docket No. 44.

On June 2, 2023, Island Portfolio moved to intervene. Id. at 064-071. Island Portfolio argued that it was entitled to intervene as of right because its motion was timely, the claims against Island Portfolio in Civil No. 22-1417 were sufficiently related to the claims pending against FirstBank and Santander Financial, disposition of the adversary proceeding would adversely affect Island Portfolio's ability to defend itself in Civil No. 22-1417, and no other party could adequately represent Island Portfolio's interests in the outcome of the adversary proceeding. Id. Alternatively, Island Portfolio argued that permissive intervention was warranted. Id. Island Portfolio also requested the consolidation of Civil No. 22-1417, with the adversary proceeding against FirstBank and Santander Financial. Id. at 072-076. Santander Financial expressed having no objection to the intervention but opposed consolidation. Id. at 094. Appellants opposed Island Portfolio's intervention and the request for consolidation. Id. at 097-118. Island Portfolio replied. Id. at 132-143. In both civil actions, the District Court declined consolidation with the adversary proceeding and stayed the proceedings pending the outcome of the adversary proceeding against FirstBank and Santander Financial. See Civil No. 22-1417 at Docket Nos. 53, 55 and Civil No. 23-1043 at Docket No. 44. The Bankruptcy Court then denied Island Portfolio's motion to intervene and its request for consolidation. Id. at 164-165.

On September 11, 2023, Santander Financial filed a motion to dismiss the adversary proceeding. Id. at 119-131. Santander Financial alleged that Appellants failed to plead specific facts against Santander Financial when it referred to defendants generally as "Defendant." And that Appellants failed to plead that Santander Financial had notice of the discharge orders, had intended to collect on discharged debts, or had engaged in harassment or coercion. Santander Financial also argued that Island Portfolio and Luna were indispensable parties. Id. Santander

4

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

Financial attached to its motion a letter dated February 1, 2022, from Santander Financial and Luna to Soto-Villanueva. Id. at 131. In the pertinent parts, the letter states as follows:

> The above Personal Loan has been sold and conveyed to Luna Chica, LLC ("New Lender") by Santander Financial Services, Inc. All of the terms and conditions of the account remain in full force and effect and are now enforceable by the New Lender.
>
> The New Lender has appointed Island Portfolio Services, LLC as the servicer of the Personal Loan ("Servicer"). All future payments of interest, principal or other charges payable by you under the Personal Loan shall be made payable to the Servicer and shall be sent to the Servicer as follows […].
>
> Please note that any ACH or auto-debits that you had previously setup with Santander Financial Services, Inc. are no longer in effect. To reestablish your ACH or auto-debit service please contact the Servicer.
>
> Please contact the Servicer at the address and phone number given below if you have any questions. […].
> Id. at 131.

Appellants opposed Santander Financial's motion to dismiss. Id. at 167-206. They argued that the complaint sufficiently pled that Santander Financial had actual and constructive notice of the bankruptcy petitions and the discharge orders as Banco Santander had been listed as a creditor in all three bankruptcy petitions, had filed proofs of claim, and the discharge orders had been mailed to the address provided by Banco Santander: P.O. Box 3622589, San Juan, PR 00936. And that, according to the records of the Puerto Rico Department of State, the mailing address of Santander Financial was the same as that of Banco Santander. Id. at 202. Appellants also argued that they had sufficiently pled the element of intention because the complaint alleged that Defendant (including, Santander Financial) acted intentionally and deliberately, and that the law does not require that specific intention to violate the discharge be pled. Appellants argued that it is sufficient for a debtor to plead that the creditor intended the actions that constituted the violation (in this case, sending the February 2022 letter). Appellants further argued that selling a discharged debt without more may constitute a violation of a discharge order and that they pled that the loans at issue had been sold to Luna. Appellants also argued that they pled coercive action and harassment by pleading that a purposeless letter was sent to Appellants to collect on discharged debts and that

5

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

there is no requirement that the words "coercion" or "harassment" be used to plead a cognizable claim for violation of a discharge order. Appellants opposed Santander Financial's procedural arguments, including that Island Portfolio and Luna were indispensable as that issue had been resolved by the Bankruptcy Court when it denied Island Portfolio's motion to intervene. In the alternative, Appellants argued that the inclusion of Island Portfolio and Luna was not required under Rule 19 of the Federal Rules of Civil Procedure. Lastly, in their opposition to the motion to dismiss, Appellants included a "reservation of rights" requesting that, if the Bankruptcy Court found the pleadings insufficient, they be granted leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. App. 191.

In reply, Santander Financial argued that, even if Appellants had sufficiently pled notice and liability by Banco Santander, there are no factual allegations from which the Bankruptcy Court could infer the application of a successor liability on Santander Financial. Santander Financial further argued that liability for violation of a discharge order requires that there be no objectively reasonable basis to conclude that the creditor's conduct was lawful and that the letter sent to Appellants cannot be deemed a collection effort, harassment or a threat. And that Appellants should not be allowed to wait until resolution of the motion to dismiss to cure deficient pleadings. Id. at 210-218.

On December 4, 2024, the Bankruptcy Court issued the Opinion and Order Granting Motion to Dismiss. Id. at 219-248. The Bankruptcy Court took judicial notice of the February 2022 letter. Id. at 224. The Bankruptcy Court framed the legal issues in the following way: "(i) whether the issuance of the Letter and/or the post-petition sale and/or transfer of unsecured pre-petition discharged debt constitutes a violation of the discharge injunction under 11 U.S.C. § 524(a)(2), and (ii) whether Island Portfolio and Luna Chica are indispensable parties." Id. at 227. The Bankruptcy Court first delved into Rule 19 of the Federal Rules of Civil Procedure and found that "resolution of the present action in Island Portfolio and Luna Chica's absence could, as a practical matter, impair or impede their ability to protect their interest under Fed. R. Civ. P. 19(a)(1)(B)(i)" as an adverse ruling in this case could hinder their probability of success and their ability to reach a favorable settlement in Civil No. 22-1417 and Civil No. 23-1043, respectively. Id. at 234. The Bankruptcy Court then held that Island Portfolio and Luna should have been joined and, because Appellants failed to include Island Portfolio and Luna in this case, dismissal was warranted under Rule 12(b)(7) of the Federal Rules of Civil Procedure. Id. at 234-235.

6

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

On the plausibility of Appellants' claim under 11 U.S.C. § 524, the Bankruptcy Court noted that there is no dispute that Banco Santander received notice of the Soto-Ortiz Bankruptcy Case, the Nieves Bankruptcy Case, and the Maldonado Bankruptcy Case. Id. at 239. There is also no dispute that Banco Santander received notice of the discharge orders in all three bankruptcy cases. Id. at 240. Notwithstanding the foregoing, the Bankruptcy Court concluded that Banco Santander and Santander Financial appear to be separate entities and that Appellants did not plead factual allegations to establish the exact nature of the relationship between Banco Santander and Santander Financial, thus failing to meet the notice requirement for a Section 524 violation by Santander Financial. Id. As to the requirements that the creditor intend the actions which constitute the violation and acts in a way that improperly coerces or harasses the debtor, the Bankruptcy Court held that the letter at issue does not indicate any amount as past due, demand immediate payment or threaten legal consequences for non-action. Id. at 242. And that, as such, sending those letters could not be deemed a violation of the discharge orders. Id. at 246. The Bankruptcy Court also concluded that, because there were no factual allegations to establish that Santander Financial had notice of the discharge orders, the mere sale of the discharged debts by Santander Financial could not be deemed a deliberate act to collect on a discharged debt. Id. The Bankruptcy Court did not address Appellants' reservation of rights for leave to amend the complaint. Despite there being no dispositive motion filed by FirstBank, the Bankruptcy Court entered judgment dismissing the adversary proceeding against both Santander Financial and FirstBank on December 5, 2024. Id. at 250.

## II.    Discussion

### A.    Jurisdiction of the United States District Court for the District of Puerto Rico

Pursuant to 28 U.S.C. § 158(a)(1), the United States District Court has jurisdiction to hear appeals from final judgments, orders or decrees issued by a United States Bankruptcy Court. Under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, any notice of appeal must be filed within fourteen (14) days from the entry of the final judgment. FED. R. BANKR. P. 8002(a). The Bankruptcy Court entered judgment dismissing the adversary proceeding on December 5, 2024. App. at 250. Appellants filed a Notice of Appeal and Statement of Election to the District Court on December 19, 2024. Id. at 251-253. The Court has jurisdiction to entertain the instant appeal.

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

**B.    Standard of Review**

Generally, findings of facts made by bankruptcy courts are reviewed for clear errors whereas conclusions of law are reviewed *de novo*. See In re Fuentes-Padilla, 534 B.R. 77, 79 (Bankr. D.P.R. 2015) (citing In re Soto, 491 B.R. 307, 311 (B.A.P. 1st Cir. 2013)). Moreover, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, a party may seek dismissal for failure to plead under the standard applicable to motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. FED. R. BANKR. P. 7012(b). Under such a standard, a complaint must establish "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007); Rodríguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007); FED. R. CIV. P. 12 (b)(6). A claim is plausible when the facts alleged allow for "a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009). But the factual allegations must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In considering a motion to dismiss, the Court must accept the well-pleaded factual allegations in the complaint as true and resolve all inferences in favor of the plaintiffs. Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008). The plaintiff "bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory." Díaz-O'Neill v. Mun. of Carolina, 2024 WL 3495897, at *1 (D.P.R. July 22, 2024). The plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." Sepúlveda–Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). But courts need not entertain complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Díaz-O'Neill, 2024 WL 3495897, at *1 (cleaned up). The Bankruptcy Court's decision on a motion to dismiss under Rule 12(b) is subject to *de novo* review by this Court. Rederford v. US Airways, Inc., 589 F.3d 30, 34 (1st Cir. 2009).

Rule 7019 of the Federal Rules of Bankruptcy Procedure incorporates Rule 19 of the Federal Rules of Civil Procedure, applicable when the joinder of a party is required. FED. R. BANKR. P. 7019. The Bankruptcy Court's decision on whether a party is required and its joinder not feasible is reviewed for abuse of discretion. Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 635 (1st Cir. 1989); Bacardí Intern Ltd. v. Suárez & Co., Inc., 719 F3d 1, 8 (1st Cir. 2013). Likewise, Rule 7015 of the Federal Rules of Bankruptcy Procedure incorporates Rule 15 of the Federal Rules of Civil Procedure for amended pleadings. FED. R. BANKR. P. 7015. The Bankruptcy

8

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

Court's decision on whether to allow a party to amend a pleading is reviewed for abuse of discretion. Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006). Abuse of discretion "occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Fuentes-Padilla, 534 B.R. at 79 (citing Perry v. Warner (In re Warner), 247 B.R. 24, 25 (B.A.P. 1st Cir. 2000)).

### C.    Issues on Appeal

Appellants argue that the Bankruptcy Court erred when it found that Island Portfolio and Luna were required parties and the case should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure. Appellants also argued that the Bankruptcy Court erred when it held that Appellants had not pled that Santander Financial received notice of the discharge orders, and when it deemed that neither the February 2022 letter nor the sale of the discharged debts arose to the level of a collection effort and a violation of Section 524. Appellants further posit that the Bankruptcy Court also erred when it dismissed the entire case, including the claims against FirstBank, a party that had not moved for dismissal of the complaint. Finally, Appellants argue that the Bankruptcy Court erred by not granting leave to amend the complaint to (1) join Island Portfolio and Luna and (2) amend any deficiency in its pleadings prior to dismissing the action in its entirety.

### 1.    Did the Amended Class Action Complaint plead an actionable claim for violation of 11 U.S.C. § 524?

One of the overarching purposes of the bankruptcy framework is to allow debtors breathing space while they organize their finances through the judicial process. This starts as soon as a debtor files for bankruptcy when he receives the protection of the automatic stay in 11 U.S.C. § 362, which enjoins creditors from making collection efforts that could stifle the successful administration of a bankruptcy case. Similarly, at the conclusion of a bankruptcy, once a debt is ordered discharged, 11 U.S.C. § 524 prohibits all collection efforts in connection with the discharged debt. The goal is to allow debtors who have successfully completed the bankruptcy process the opportunity to start anew.

Section 524(a)(2) of the Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or

9

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The scope of the injunction in Section 524(a)(2) is broad. Canning v. Beneficial Maine, Inc. (In re Canning), 706 F.3d 64, 69 (1st Cir. 2013). It prohibits creditors from initiating legal proceedings to recover a discharged debt and other actions to collect a discharged debt, including sending letters, making phone calls, threatening with legal proceedings, and any adverse action intended to bring about repayment of the debt. 4 Collier on Bankruptcy ¶ 524.02 (16th ed. 2025). Prohibited collection activities extend to those that may not constitute direct collection efforts but could be used as a subterfuge to collect on a discharged debt. Id. Some examples include failing to update a credit report to show that a debt has been discharged and the sale of a discharged debt to another entity that is likely to seek collection of the discharged debt. Id.; see e.g., Lumb v. Nahabet Cimenian (In re Lumb), 401 B.R. 1, 8–9 (B.A.P. 1st Cir. 2009) (plausible entitlement to relief under Section 524 when creditor filed suit against wife of debtor as the suit could have a coercive effect on the debtor— the debtor would have to choose between repaying the debt or incurring in legal fees to defend suit against his wife).

A creditor violates the discharge injunction when it (1) has notice of the debtor's discharge; (2) intended the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor. Lumb, 401 B.R. at 6 (quoting Pratt v. General Motors Acceptance Corporation (In re Pratt), 462 F.3d 14, 19, 21 (1st Cir. 2006)); Winslow v. Salem Five Mortgage Co., LLC (In re Winslow), 391 B.R. 212, 215 (Bankr. D.Me. 2008); In re Schlichtmann, 375 B.R. 41, 95 (Bankr. D.Mass.2007). The notice requirement is met when the creditor has actual or constructive knowledge of the debtor's discharge. Padilla v. Puerto Rico Treasury Department (In re Padilla), 2023 WL 2504706, at *11 (Bankr. D.P.R. Mar. 14, 2023). The intention requirement does not require proof of bad faith or of a specific intention to coerce or harass. It is sufficient for the debtor to establish that objectively the creditor's actions had a coercive effect on the debtor. Pratt, 462 F.3d at 19, 21 (requiring general intent); Curtis v. Salem Five Mortgage Company, LLC (In re Curtis), 359 B.R. 356, *3 (B.A.P. 1st Cir. 2007) ("the 'objectively coercive' standard is not concerned with the intent of the creditor, but with whether the creditor's actions were coercive in effect, i.e., had the practical effect of pressuring the debtor to repay the debt"). See Taggart v. Lorenzen, 587 U.S. 554, 557 (2019) ("civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful"). As to the third element— that a creditor act in a way that improperly coerces or harasses— "[a]n action is coercive where it is 'tantamount to a threat,' or places the debtor 'between a rock and hard place' in which

10

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

he would lose either way. Courts consider the 'immediateness' of the threatened action as well as the context in which it occurred." Lumb, 401 B.R. at 7 (citations omitted); Kirby v. 21st Mortgage Corporation (In re Kirby), 599 B.R. 427, 440 (B.A.P. 1st Cir. 2019) ("While there is no specific test to determine whether a creditor's conduct meets this objective standard, the circuit considers the facts and circumstances of each case, including factors such as the immediateness of any threatened action and the context in which a statement is made.") (citations omitted). See Curtis, 359 B.R. at *5 ("Under the standard set forth in Pratt, a variety of somewhat passive acts are potentially violations of the discharge injunction if they are objectively coercive or coercive in effect.") (citing Pratt, 462 F.3d at 20). Courts should thus look beyond the content of a communication and consider whether the circumstances and context of the communication "'give[s] rise to an inference of coercion.'" Kirby, 599 B.R. at 442 (discussing Bates v. CitiMortgage, Inc., 844 F.3d 300, 306 (1st Cir. 2016)); McConnie Navarro v. Banco Popular De Puerto Rico (In re McConnie Navarro), 563 B.R. 127, 143 (Bankr. D.P.R. Jan. 9, 2017) (context of the communication at issue is part of the analysis). However, bad acts without more are not necessarily "coercive". Lumb, 401 B.R. at 7 (citations omitted); Ramos v. Cooperativa de Ahorro y Crédito de Lajas (In re Ramos), 660 B.R. 343, 350–51 (Bankr. D.P.R. 2024) (citing Schlichtmann, 375 B.R. at 68) (careless mistake, negligence or knowledge without more is insufficient). The intention to collect must be paramount.

Ultimately, this is a fact-intensive inquiry with no bright line rule for the Court to follow. Padilla, 2023 WL 2504706, at *12; Kirby, 599 B.R. at 440. And because a violation of a discharge is a violation of a court order, courts can impose civil contempt sanctions and other damages for prohibited collection activity. Taggart, 587 U.S. at 560 (discussing 11 U.S.C. § 105(a)); Pratt, 462 F.3d at 17; Canning, 706 F.3d at 69.

Appellants complain about two purported collection efforts by creditors: the transmittal of the February 2022 letter and the sale of the discharged debt. But at the threshold Appellants were required to plead that Santander Financial had notice of the discharge orders. The Bankruptcy Court held that notice was not pled as to Santander Financial. Appellants argue that they sufficiently pled knowledge and that any reasonable inference by the Bankruptcy Court should have been drawn in their favor and not in favor of Santander Financial. Docket No. 10 at pp. 32-33. Appellants also insist that the Bankruptcy Court erred when it made a finding that Banco Santander and Santander Financial were distinct legal entities, rejecting pleadings of successor

11

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

liability. And that the Bankruptcy Court failed to consider the evidence submitted by Appellants to establish that notification of the discharge to Banco Santander was sent to the same address as that of Santander Financial. Id. at p. 34. Santander Financial counters that there are no allegations in the complaint to establish that Santander Financial could be a successor in interest to Banco Santander subject to successor liability. Docket No. 15 at p. 25. That Banco Santander merged with FirstBank and not with Santander Financial, and that there can thus be no successor liability imputed on Santander Financial, regardless of whether both entities shared the same mailing address. Id. at p. 26.

It is a general corporate principle that the purchaser of another corporation's assets does not assume the debts and liabilities of the seller. Devine & Devine Food Brokers, Inc. v. Wampler Foods, Inc., 313 F.3d 616, 618 (1st Cir. 2002). The principle admits exceptions such as when (1) the purchasing corporation assumes the liabilities of the seller (implied or explicitly), (2) the transaction is a merger, (3) the purchasing corporation is a mere continuation of the seller, and (4) the transaction is fraudulent to avoid the seller's liabilities. Id. (citations omitted); Maldonado v. Valsyn, S.A., 434 F.Supp.2d 90, 92 (D.P.R. 2026) (string citations omitted). In reviewing the allegations in the Amended Class Action Complaint, I agree with the Bankruptcy Court that Appellants failed to plead any of the elements for the imposition of successor liability on Santander Financial.

Successor claims in the complaint were pled in the following way: "[u]pon information and belief, and in the alternative to FirstBank having acquired the claims which are the object of this Complaint, on or before February 1, 2022 Santander Financial acquired some defaulted accounts—including the ones which are the object of this Amended Complaint—from Banco Santander de Puerto Rico. Under principles of successor liability, Santander Financial was duly notified of all proceedings in this case." App. 031-032 at ¶ 11. Also, Appellants alleged that under "principles of successor liability" "the knowledge and acts of Banco Santander are imputed" on Santander Financial. App. 033 at n. 3. Indeed, even on appeal, Appellants continue to insist on a theory of successor liability to impute knowledge on Santander Financial and ask the Court to reverse on the Bankruptcy Court's failure to infer from the pleadings that Santander Financial can be held accountable for the knowledge acquired by Banco Santander during Appellants' bankruptcy proceedings. Docket No. 10 at pp. 34-36.

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

Appellants did not plead any facts to dispense of the corporate formalities and impute Banco Santander's knowledge to Santander Financial on account of the successor liability doctrine. For instance, Appellants did not plead facts that could plausibly establish that Santander Financial assumed explicitly or implicitly the liabilities of Banco Santander, that Santander Financial merged with Banco Santander, that Santander Financial was a mere continuation of Banco Santander, or that Santander Financial acquired the discharged debts from Banco Santander to perpetrate fraud. There are simply no facts from which to infer that, in acquiring the discharged debts, Banco Santander's knowledge can be automatically attributed to Santander Financial. It is for this reason that the Bankruptcy Court reasonably concluded that, because the companies appear to be separate entities, the knowledge of Banco Santander could not be imputed to Santander Financial regardless of whether the mailing address for both entities was the same. App. 239-240.

Apellants failed to plead any alternate legal theory under which Santander Financial could be deemed to have had notice of the fact that the debts had been subject to a discharge in bankruptcy. For instance, they do not even allege that Santander Financial would have been notified by Banco Santander of the discharged status of the debts as part of the transaction in which Santander Financial acquired the loans. See e.g., Escamilla v. Dyck-O'Neal, Inc., 661 B.R. 676, 684–86, 696 (D. Mass. 2024) (since debtor listed the original creditor on the credit matrix and the original creditor was served with the bankruptcy plan, it is reasonable to infer that new creditor received paperwork and knowledge of bankruptcy from original creditor and that such an information was passed along by new creditor to entity retained to conduct foreclosure). Instead, Appellants have consistently relied solely on the theory of successor liability throughout the proceedings before the Bankruptcy Court and on appeal before this Court.[2] Appellants did not plead any of the elements to establish their legal theory of successor liability against Santander Financial. There are absolutely no allegations in the complaint from which the Bankruptcy Court could have thus inferred that Santander Financial and Banco Santander were, after the assignment

---

[2]    Appellants posit that that there are factual disputes as to corporate identity and notice, which should have led the Bankruptcy Cout to allow discovery into the corporate structure, merger agreements, or assignment history underlying the debt transfers at issue. Docket No. 10 at p. 34. See also Docket No. 10 at p. 55 (arguing that leave to amend should have been granted and that discovery as to "the corporate structure, business affiliations, merger, or assignments involving Santander Financial and its affiliated entities" was necessary).

13

of the discharged debts, for legal purposes one and the same, and consequently that the knowledge of Banco Santander could be imputed to Santander Financial.

This brings me to Appellants' claim that the Bankruptcy Court should have allowed them to amend the complaint to re-plead notice under Rule 15(a)(1)(B), as they had requested in their opposition to Santander Financial's motion to dismiss. See App. 191. Appellants claim that the Bankruptcy Court erred by not addressing their request for leave and seek that the Court reverse for abuse of discretion. Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision whether to grant or deny leave to amend is discretionary. BLOM Bank SAL v. Honickman, 605 U.S. 204, 214 (2025). The lower courts "enjoy[ ] significant latitude in deciding whether to grant leave to amend. U.S. ex rel. Gagne v. City of Worcester, 565 F. 3d 40, 48 (1st Cir 2009) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F. 3d 46, 55 (1st Cir. 2008)). However, even though an abuse of discretion may be found when a court denies leave without providing an explanation, this is not a *per se* rule if reasons for denial are apparent from the record. 6 Wright, Miller and Kane, Federal Practice and Procedure at § 1484 (2010). Aponte-Torres, 445 F.3d at 58 (defer to lower court if the record evinces an adequate reason for the denial). Reasons for the Bankruptcy Court's implicit denial of Appellants' leave to amend the complaint are apparent in the record before this Court.

To be sure, if valid reasons are advanced by plaintiffs, leave to amend the complaint may be sought after a motion to dismiss is filed or even after a court's ruling pointing to deficiencies in the pleadings. Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 37-39 (1st Cir. 2022). Furthermore, leave to amend the complaint may also be sought to clarify pleadings or even to state an alternate theory for recovery. See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend complaint to state an alternative theory of recovery should not be denied without explanation or consideration of relevant factors); Amyndas Pharmaceuticals, 48 F.4th at 37 (leave to amend after adjudication of motion to dismiss to clarify the pleadings may be appropriate). But a valid reason for the amendment must be asserted and the party seeking leave is not allowed to gamble on a legal theory that it knows to be deficient prior to the court's ruling on a motion to dismiss. See Aponte-Torres, 445 F.3d at 58 ("The absence of supporting information may, in and of itself, be a sufficient reason for the denial of leave to amend.") (citing Twohy v. First Nat'l Bank, 758 F.2d 1185, 1197 (7th Cir.1985)).

Appellants' purported leave to amend the complaint was included in the last four lines of their opposition to Santander Financial's motion to dismiss. App. 191. Despite having the benefit of Santander Financial's arguments for dismissal, Appellants' request was a bare reservation of rights that did not preview what additional facts or legal claims might be included in an amended pleading. This runs contrary to First Circuit case law which has established, for example, that a brief note in a memorandum opposing dismissal is not a proper request to amend the complaint where no motion for leave was filed and no proposed amendment was submitted. City of Miami Fire Fighters & Police Officers' Ret. Tr. V. CVS Health Corp., 46 F. 4th 22, 36 (1st Cir. 2022). Further, Appellants failed to address Santander Financial's arguments in opposition to their reservation of rights (see App. 216-217), whether by seeking leave to sur-reply or by moving the Bankruptcy Court separately with a proposed pleading for the court to consider. Under this scenario, no abuse of discretion can be found. See Squeri v. Mount Ida Coll., 954 F.3d 56, 74 (1st Cir. 2020) (affirming denial of leave to amend when plaintiffs were put on notice of deficiencies in the complaint with the motion to dismiss and plaintiffs merely "requested leave to amend if the court found their complaint lacking"); Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc., 778 F.3d 228, 247 (1st Cir. 2015) (mention in footnote in an opposition to request for dismissal is not a proper request for leave to amend) (quoting Joblove v. Barr Labs., Inc. (In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.")); Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 327 (1st Cir. 2008) (statement: "In the event that the Court finds that the Amended Complaint fails to state a claim, Plaintiff requests leave to replead" in opposition to dispositive motion not a proper request for leave to amend) (string citations omitted).

Critically, this is not a case of newly discovered evidence or new facts that could not have been known to Appellants prior to the dismissal of the case. Appellants were put on notice of the deficiencies in their pleading of successor liability when Santander Financial filed its motion to dismiss. Rather than seeking a justified leave to amend at that time, Appellants decided to make a conditional reservation of rights to try their luck with the Bankruptcy Court. But the First Circuit has been clear that, when a party has the information necessary to seek an amendment, it cannot "wait and see" if such an amendment will ultimately be necessary after a court ruling. See ACA Fin. Guar. Corp., 512 F.3d at 57 (rejecting wait and see approach, even when request for leave to

15

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

amend had been included in opposition to motion to dismiss); Kader v. Sarepta Therapeutics, Inc., 887 F. 3d 48, 61 (1st Cir. 2018) ("explicitly condemn[ing] a "wait and see" approach."). Simply, as expressed by the First Circuit, permitting an amendment under these circumstances would "dramatically undermine the ordinary rules governing the finality of judicial decisions" by allowing a party "to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision." James v. Watt, 716 F.2d 71, 78 (1st Cir. 1983) (citation omitted). Appellants did not put the Bankruptcy Court in a position to exercise its discretion, much less to abuse it. No error was committed. See Gray, 544 F.3d at 327 (affirming implicit denial of request for leave to amend when leave to request amendment was not effectively made); Stand With Us Ctr. for Legal Just. v. Massachusetts Inst. of Tech., 158 F4th 1, 27 (1st Cir. 2025) (a cursory, single-sentence request for amendment "embedded in some other document," rather than a properly filed motion, "does not require a district court's express response.").

Having found that Appellants failed to plead notice as to Santander Financial and that there was no error in the Bankruptcy Court's implicit denial of Appellants' leave to amend the complaint, the Bankruptcy Court's decision that the sale of the discharged debts and the transmittal of the letter did not violate the discharge injunction should also be affirmed. Indeed, the Bankruptcy Court considered the possibility that a creditor be liable for the sale of the discharged debt but concluded that "[h]aving failed to plead actual or constructive notice on Santander Financial, this court cannot conclude that the selling of a debt was a deliberate act to collect on a discharged debt in willful violation of the discharge injunction." App. 246. As such, while I agree with Appellants that the Bankruptcy Court did not decide whether the sale of the discharged debts in this case was itself a violation of the discharge,[3] no error was committed in the dismissal of

---

[3]     The sale of a discharge debt may constitute a violation of the discharge injunction. See Reichgott v. Flagstar Bank, FSB (In re Reichgott), 2013 WL 5492532 * 3 (Bankr. N.D. Ohio, Oct. 1, 2013) (string citations omitted). That is because the sale of a discharge debt to a third party could be used as an attempt to collect through the third party and circumvent the discharge injunction. Laboy, 2010 WL 427780 at *6; In re Nassoko, 405 B.R. 515, 522 (Bankr. S.D.N.Y. 2009). Nonetheless, it appears that an action against the seller of a discharged debt cannot rest on the sale alone. Finnie v. First Union Nat. Bank, 275 B.R. 743, 746 (E.D.Va. 2002). Debtors have been required to plead that creditor's conduct was "contemptuous." Reichgott, 2013 WL 5492532, at *4-5 (general pleading as to all defendants and no factual allegations as to how the transfer was contemptuous insufficient to survive 12(b)(6) challenge). Courts have also required evidence that the seller have knowledge that the purchaser would attempt to collect on the debt or that the creditor failed to maintain adequate procedures to prevent violation of discharge injunction

16

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

Appellants' claim for violation of the discharge order due to the sale of the loans by Santander Financial.

Although the Bankruptcy Court found that Santander Financial was not on notice of the discharged orders, it nonetheless proceeded to discuss whether the transmittal of the February 2022 letter was a violation of Section 524. The Court first determined that the February 2022 letters, which were made part of the record below at Docket No. 20 pp. 5-7, and are identical to the February 2022 letter attached by Santander Financial to its motion to dismiss (see App. 131 and 194), were sufficiently referred to in the complaint and central to Appellants' claims. The Bankruptcy Court thus ruled that these letters were subject to judicial notice and could be considered in addressing Santander Financial's Rule 12(b)(6) challenge. App. 224 n. 3. Appellants take issue with this. However, the rule in the First Circuit is clear. In evaluating the pleadings under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may consider documentary evidence when their authenticity is not disputed by the parties, they are official public records, the documents are central to the plaintiffs' claim, or the documents are sufficiently referred to in the complaint or fairly incorporated to the pleadings. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (citations omitted); Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (citations omitted). See also 5B Wright, Miller and Spencer, Federal Practice and Procedure, § 1357 (2024) (courts may consider matters incorporated by reference or integral part of the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned). The Bankruptcy Court could certainly consider the language of the February 2022 letter in deciding Santander Financial's motion to dismiss, as there can be no question that the February 2022 letters were central and fairly incorporated to the pleadings in this case.

In considering the language of the February 2022 letter, the Bankruptcy Court noted the "letter does not indicate any amount as past due; demand immediate payment or threaten legal consequences for non-action; acknowledge the bankruptcy case or the discharge order; or contain

_____

(e.g., procedures to inform purchasers that debt had been discharged). See Rojas v. Money Express (In re Rojas), 2009 WL 3055430 *3 (Bankr. D.P.R. Sept. 17, 2009) (when seller informs purchaser that debt has been discharged and there is no allegation of agency relationship between seller and purchaser, seller cannot be held liable for collection efforts of the purchaser and there is no plausible entitlement to relief against seller).

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

any language advising recipient that such a communication is informational in nature and not an attempt to collect on a discharged debt." App. 242. And found that the "letter does not constitute a demand for payment of a pre-petition discharged debt, threaten any immediate action, is tantamount to a threat or coercive and thus is not a violation of the discharge order." App. 246. Appellants argue that the Bankruptcy Court erred by making this determination at the pleadings stage and without considering the proper context in which the letter was sent— on account of an intentional transfer of a legally extinguished debt for no other reason than to collect on the discharged debt. See Docket No. 10 at pp. 37, 40-41. Appellants further sustain that the letter, which stated that the debt was enforceable and remained in effect, and that payment should be sent to the servicer, constituted a prohibited collection effort. Id. at p. 42. Santander Financial disagrees.

Whether a communication may have an objectively coercive effect on a debtor is a factual inquiry. But that is not to say that the inquiry cannot be resolved at the pleadings stage. Other than for the fact of the sale or transfer of the discharged debts, Appellants did not include any factual averments in the complaint that could lead the undersigned to conclude that further development of the record was necessary prior to deciding whether the content of the February 2022 letter was coercive. True, the February 2022 letter wrongly informed the debtor that the discharged debt remained in full force and effect and was now enforceable by the new creditor. But informational letters are generally not actionable if they do not demand payment. Best v. Nationstar Mortg. LLC, 540 B.R. 1, 11 (B.A.P. 1st Cir. 2015); Kirby, 599 B.R. at 441; Todt v. Ocwen Loan Servicing, LLC (In re Todt), 567 B.R. 667, 676–77 (Bankr. D.N.H. 2017) (statements that are informational in nature, even if they include a payoff amount, generally not actionable if they do not demand payment) (citations omitted). And even though providing or refusing to correct inaccurate information has at times been deemed a violation, those findings have not been made in a vacuum. For instance, courts have found that refusing to correct wrong information given to a credit agency could coerce a debtor into paying a discharged debt to avoid the consequences of having bad credit, such as reducing his creditworthiness or ability to obtain future loans. Torres v. Chase Bank USA, N.A. (In re Torres), 367 B.R. 478, 486-88 (Bankr. S.D.N.Y. May 3, 2007) (string citations omitted); Bates, 844 F.3d at 306 (distinguishing Torres and rejecting finding that inaccurate information alone without an objective coercive effect on debtor could be deemed a violation). Without more on the potential coercive effect of the inaccurate information in the February 2022

18

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

letter, no coercive effect can be inferred from a readily apparent boilerplate letter to debtors informing about a change in lender and servicer.

The February 2022 letter also informed Appellants that all future payments should be mailed to the new servicer and directed any questions to the new servicer. However, the fact that the letter may have some consequences on the debtors, such as having to call the servicer to clarify any questions, does not render the letter objectively coercive. See Bates, 844 F.3d at 305 (that some consequence may have followed from receipt of tax form with incorrect information does not make that consequence coercive). And even though Appellants conclusorily alleged that FirstBank has a history of selling discharged debts (App. 013 at ¶¶ 66-67, citing Laboy v. Firstbank Puerto Rico (In re Laboy), 2010 WL 427780 (Bankr. D.P.R. Feb. 2, 2010)), no such history is pled as to Santander Financial and there is nothing in the pleadings to conclude that the transmittal of the letter to Appellants by Santander Financial was anything other than a one-off. App. 007 ¶¶ 25, 38, 53. There is also no allegation that the letter was followed by subsequent communications with any of the Appellants. Compare Collins v. Wealthbridge Mortgage Corp. and Marix Servicing, LLC (In re Collins), 474 B.R. 317, 319-321 (Bankr. D.Me. July 12, 2012) (series of purposeless letters and repeated communications relating to past debts and obligations constitute harassment proscribed by injunction); Todt, 567 B.R. at 679 (sending 21 monthly statements violated Section 524).

In sum, the February 2022 letter was a single notice of the fact of a debt and a change of lender and servicer. It did not demand payment, did not provide a payment coupon or envelope, did not provide a loan balance or amount due, did not inform that payment was past due or that the account was in arrears, did not threaten with adverse action, did not indicate of any imminent steps that would be taken to collect on the debt, and did not require immediate or affirmative action by Appellants other than to take note of the sale and the new servicer of the discharged debt. The letter did not by any objectively reasonable measure put Appellants between "a rock and hard place." See Lumb, 401 B.R. at 7. As held by the Bankruptcy Court, there is no language in the February 2022 letter from which one could infer that the letter was a collection effort or an attempt to coerce Appellants into paying the discharged debt. I thus agree with the Bankruptcy Court's finding that the transmittal of the February 2022 letter could not amount to a violation of the discharge injunction.

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

Appellants again argue that they should have been allowed to amend the complaint. However, aside from the defects in the request for leave that were discussed above, if an amendment to the complaint would be futile, leave to amend the complaint would serve no practical purpose and the issue need not be prolonged. Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 59 (1st Cir. 1990) (citation omitted). This is certainly the case here. The language of the letter is what it is. There are no factual allegations in the complaint to establish any coercion in the context and circumstances surrounding the transmittal of the letter by Santander Financial. Appellants have only pled that a single letter was sent to each of the debtors, and there is no reason to conclude that a more detailed record would change the analysis. An amended complaint on this issue would have been futile.

**2.     Was dismissal for failure to join Island Portfolio and Luna under Rule 19 of the Federal Rules of Civil Procedure warranted?**

As an independent ground for dismissal, the Bankruptcy Court held that both Island Portfolio and Luna were required parties under Rule 19(a)(1)(B)(i) of the Federal Rules of Civil Procedure and, because Appellants failed to join them in the adversary proceeding, choosing instead to proceed against them in two separate actions before the District Court, the adversary proceeding had to be dismissed. Appellants raise several errors by the Bankruptcy Court, namely, that joinder of Island Portfolio and Luna was not required, that the Bankruptcy Court had already rejected their joinder by denying Island Portfolio's leave to intervene and request for consolidation, that, even if joinder was required, the Bankruptcy Court had to allow Appellants to amend the complaint and join them to the action, and that, prior to concluding that dismissal was warranted, the Bankruptcy Court had to consider the "equity and good conscience" factors in Rule 19(b). Docket No. 10 at pp. 22-25. Santander Financial rests mainly on Appellants' decision to submit multiple actions premised on the same operative facts, and their failure to voluntarily join Island Portfolio and Luna in the adversary proceeding. Docket No. 15 at pp. 20-22.

Rule 19(a)(1) of the Federal Rules of Civil Procedure provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject

20

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed.R.Civ.P. 19(a)(1). This first part of the rule is intended to ascertain whether a party is required in an action but not whether its joinder is indispensable. Once the Court has decided that a party is required under Rule 19(a)(1), Rule 19(a)(2) provides: "If a person has not been joined as required, the court **must order** that the person be made a party." Fed.R.Civ.P. 19(a)(2) (emphasis added). Therefore, once the Court determines that the absent party's interest in the litigation is sufficient to satisfy the test in Rule 19(a)(1)(B)(i), the Court is required to order joinder. 7 Wright, Miller Kane, Federal Practice and Procedure ¶ 1604 (2019) ("Once it has been decided that a person whose joinder is feasible should be brought into the action, the claimant should be given reasonable opportunity to add that person."). The language in Rule 19(a)(2) does not allow for the exercise of discretion to dismiss due to the nonjoinder of a party found to be required under Rule 19(a)(1) but who is not yet regarded as indispensable under Rule 19(b). Id. at § 1611 ("the court has no discretion at this point because of the mandatory language of the rule."); Askew v. Sheriff of Cook Cnty., Ill., 568 F.3d 632, 635–36 (7th Cir. 2009) (the court may not skip 19(a)(2)). It is only when joinder is not feasible (e.g., when joinder would divest the Court of jurisdiction or the absent party objects to the venue), that the Court must then consider the four factors in Rule 19(b) to see if the action can proceed without the absent party or should be dismissed. Id. The trial court has discretion to apply the Rule 19(b) factors and proceed to dismissal, but an analysis of the factors and an explanation should be afforded. Bakia v. Los Angeles Cnty. of State of Cal., 687 F.2d 299, 301-02 (9th Cir. 1982); Maldonado-Viñas v. Nat'l W. Life Ins. Co., 862 F.3d 118, 122–23 (1st Cir. 2017) (order vacated and case remanded with instructions for lower court to determine whether it is nevertheless equitable for the case to proceed without an absent party whose joinder was not feasible).

The Bankruptcy Court determined that Island Portfolio and Luna were required parties. See App. 234. The Bankruptcy Court also held that joinder of Island Portfolio and Luna was feasible. Id. Indeed, the procedural background of the case supports the conclusion that joinder of Island Portfolio and Luna would not have deprived the Bankruptcy Court of jurisdiction and would likely not be objected by the absent parties, as Island Portfolio had already sought intervention. The Bankruptcy Court failed to order their joinder under Rule 19(a)(2) and relied on Appellants' failure to have joined them in the first place to justify dismissal. But even assuming that Island Portfolio and Luna were required parties, the Bankruptcy Court should have ordered their joinder

21

Soto-Villanueva, et al. v. FirstBank Puerto Rico, et al.
Civil No. 24-1583 (CVR)

under Rule 19(a)(2). And the Bankruptcy Court would have nonetheless had to apply the Rule 19(b) factors prior to dismissing the action altogether. See e.g., In re Santiago, 563 B.R. 457, 476-77 (Bankr.D.P.R. 2017) (party who sent the letter allegedly violating the stay was a required party under Rule 19(a), Rule 19(b) briefs ordered prior to dismissal).

### III.    Conclusion

The Bankruptcy Court's dismissal of Appellants' Section 524 claims against Santander Financial for failure to plead notice and a coercive effect of the transmittal of the February 2022 letter should be affirmed. However, because FirstBank did not move to dismiss the action, the case should be remanded to the Bankruptcy Court for further proceedings with respect to FirstBank, if warranted. Furthermore, having concluded that the claim pertaining to the transmittal of the February 2022 letter should not survive the Rule 12(b)(6) challenge as to Santander Financial, joinder of Island Portfolio and Luna may now be unnecessary. For the foregoing reasons, the undersigned recommends that the United States Bankruptcy Court's order dismissing the adversary proceeding be affirmed in part and reversed in part. The case should be remanded to the Bankruptcy Court to address the joinder of Island Portfolio and Luna, and the claims against FirstBank.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have **fourteen (14) days** to file any objections to this Report and Recommendation. Failure to file timely and specific objections may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Henley Drilling Co. v. McGee, 36 F.3d 143, 150 (1st Cir. 1994).

**IT IS SO RECOMMENDED.**
In San Juan, Puerto Rico, this 18th day of February 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge