IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE R. SOTO-VILLANUEVA, et al.,<br><br>Appellants,<br><br>v.<br><br>SANTANDER FINANCIAL SERVICES INC., et al.,<br><br>Appellees. | CIVIL NO. 24-1583 (CVR-GLS) |

**OPINION AND ORDER**

**INTRODUCTION AND PROCEDURAL BACKGROUND[1]**

José R. Soto-Villanueva and Joceline Ortiz-Polanco ("Soto-Ortiz Plaintiffs"), Eric Nieves López ("Plaintiff Nieves") and Carmen Maldonado Delgado ("Plaintiff Maldonado") (collectively, "Plaintiffs") separately filed bankruptcy petitions between 2016 and 2019.[2] Since Banco Santander of Puerto Rico and Banco Santander Visa were creditors of all Plaintiffs, they were notified of the bankruptcy filings. Plaintiffs were eventually granted their respective orders of discharge,[3] which were sent to Banco Santander and Banco Santander Visa. However, on February 1, 2022, Plaintiffs received a letter ("the Letter") detailing the changes in creditor for a personal loan in favor of

---

[1] For purposes of clarity, when referencing the Appellants' Appendix (Docket No. 11), the Court will cite the number on the bottom right of the page.

[2] On October 29, 2016, the Soto-Ortiz Plaintiffs filed a voluntary petition under Chapter 13 of the Bankruptcy Code. (Docket No. 11, App. II, p. 220). On April 12, 2017, Plaintiff Nieves filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Id., p. 221). On August 2, 2019, Plaintiff Maldonado filed a voluntary petition under Chapter 13 of the Bankruptcy Code, which was converted to a Chapter 7 on May 17, 2021. (Id., p. 221-222).

[3] Plaintiff Maldonado received its "Order of Discharge" on August 24, 2021, while the Soto-Ortiz Plaintiffs and Plaintiff Nieves received them on October 20, 2021. (Docket No. 11, App. II, p. 220-222).

Case 3:24-cv-01583-CVR-GLS   Document 23   Filed 03/11/26   Page 2 of 5

Jose R. Soto-Villanueva et al. v. Santander Financial Services Inc. et al.
Opinion and Order
Civil No. 24-1583 (CVR-GLS)
Page 2
_____

Santander Financial Services, Inc.[4] Specifically, the Letter stated that Luna Chica, LLC ("Luna") had acquired the Bankruptcy Account; that said account remained in full force and effect and was enforceable by Luna; that Luna had appointed Island Portfolio Services, LLC ("Island Portfolio") as servicer; and that all future payments of interest, principal or other charges were to be made to Island Portfolio. (Docket No. 11, App. II, p. 223).

On April 25, 2022, Plaintiffs filed a "Class Action Complaint" in the Bankruptcy Court against Santander Financial and First Bank Puerto Rico (collectively, "Defendants") for the alleged violation of the discharge injunction and civil contempt. They reasoned that, by transferring the debt to Luna and by issuing a collection letter, Defendants violated the discharge injunction. Plaintiffs added that First Bank had a history of selling debts previously discharged and requested the Court to certify a class pursuant to Federal Rule of Civil Procedure 23. FED. R. CIV. P. 23. (Docket No. 11, App. I, p. 12-17). On October 26, 2023, First Bank answered the complaint.[5]

On June 2, 2023, Island Portfolio filed a "Motion to Intervene Under Fed. R. Civ. P. 24" (Docket No. 11, App. I, p. 64) arguing its interests would be adversely affected by absent intervention, which the Bankruptcy Court denied. (Docket No. 11, App. II, p. 163).

On September 11, 2023, Santander Financial filed a Motion to Dismiss (Docket No. 11, App. II, p. 119), which the Court granted on December 5, 2024. (Docket No. 11, App.

---

[4] The Court notes various distinct Santander entities were referenced in the Complaint. Plaintiff explained First Bank acquired all of Santander's shares on or about September 1, 2020, and that on or around February 1, 2022, Santander Financial Services, Inc. acquired some defaulted accounts from Banco Santander Puerto Rico. Plaintiffs rely on the theory of successor liability to infer Santander Financial Services was duly notified of all proceedings in the case. (Docket No. 11, App. I, p. 31-32).

[5] This is the extent of First Bank's participation in the present suit.

Case 3:24-cv-01583-CVR-GLS   Document 23   Filed 03/11/26   Page 3 of 5

Jose R. Soto-Villanueva et al. v. Santander Financial Services Inc. et al.
Opinion and Order
Civil No. 24-1583 (CVR-GLS)
Page 3
_____

II, p. 219-248). The Court reasoned dismissal was "appropriate under FED. R. CIV. P. 12(b)(7) for failure to join indispensable required parties and under FED. R. CIV. P. 12(b)(6) for failure to state a *prima facie* willful violation of the discharge injunction under Section 524(a)(2) of the Bankruptcy Code, 11 U.S.C. § 524(a)(2)."[6] Thus, the Bankruptcy Court dismissed the adversary proceeding in its entirety, including the claims against First Bank. This appeal ensued.

Before the Court is Plaintiffs' appellate and Santander Financial's opposing briefs. (Docket Nos. 10 and 15). First Bank failed to timely file its brief. The undersigned then referred the case to Magistrate Judge Giselle López-Soler ("Magistrate Judge López-Soler") for a Report and Recommendation ("R&R"). (Docket No. 18).

## THE REPORT AND RECOMMENDATION

District courts have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges under 28 U.S.C. § 158(a)(1).[7] District Court Judges may then refer the appeal to a Magistrate Judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge López-Soler issued a Report and Recommendation ("R&R") in which she recommended that the appeal be AFFIRMED IN PART AND REVERSED IN PART. (Docket No. 22). Specifically, she found the Bankruptcy Court's dismissal of the claims against Santander Financial was warranted because Plaintiffs failed to plead notice and a coercive effect of the transmittal of the Letter. Furthermore, Magistrate Judge

---

[6] Docket No. 11, App. II, p. 247-248.

[7] Plaintiffs, in compliance with Federal Rule 8002(a) of Bankruptcy Procedure, filed their notice of appeal within fourteen (14) days of the entry of final judgment.

Case 3:24-cv-01583-CVR-GLS   Document 23   Filed 03/11/26   Page 4 of 5

Jose R. Soto-Villanueva et al. v. Santander Financial Services Inc. et al.
Opinion and Order
Civil No. 24-1583 (CVR-GLS)
Page 4
_____

López-Soler found that the Bankruptcy Court should have ordered the joinder of Island Portfolio and Luna pursuant to Federal Rule of Civil Procedure 19(a)(2), since it found they were required parties, and that their joinder was feasible. She additionally remarked that, having concluded that the claim pertaining to the transmittal of the Letter should not survive the Rule 12(b)(6) challenge as to Santander Financial, joinder of Island Portfolio and Luna could now be unnecessary.[8] Finally, Magistrate Judge López-Soler noted the Bankruptcy Court dismissed the case against First Bank, although it did not move to dismiss the action. Thus, she recommended that the case be remanded to the Bankruptcy Court for further proceedings with respect to First Bank and to address the issue of joinder of Island Portfolio and Luna.

**ANALYSIS**

Within fourteen (14) days of receiving a copy of a report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b). No objections were filed in the instant case to Magistrate Judge López-Soler's R&R. Absent objections, the Court reviews an R&R under the "plain error" standard. United States v. Figueroa-Figueroa, 388 F.Supp.3d 70, 75 (D.P.R 2019); Torres Negrón v. United States, 18 F.Supp.3d 89, 90 (D.P.R. 2014).

After conducting such a review of the record, the Court finds Magistrate Judge López-Soler's R&R to be well-reasoned and without error and hereby ADOPTS it in its entirety. See Roy v. Hanks, Civil No. 22-1302, 2023 WL 316635, at *1 (1st Cir. Mar. 6, 2023) ("Only those issues fairly raised by the objections to the magistrate's report are

---

[8] As the Bankruptcy Court denied Island Portfolio's request to intervene and did not entertain its claims on the merits, it may well be that the arguments of these two (2) entities could be relevant to the outcome of the adversary proceeding.

Case 3:24-cv-01583-CVR-GLS   Document 23   Filed 03/11/26   Page 5 of 5

Jose R. Soto-Villanueva et al. v. Santander Financial Services Inc. et al.
Opinion and Order
Civil No. 24-1583 (CVR-GLS)
Page 5
_____

subject to review in the district court." (quoting Keating v. Sec'y of Health and Human Servs, 848 F.2d 271, 275 (1st Cir. 1988)); United States v. Maldonado-Peña, 4 F.4th 1, 20 (1st Cir. 2021) ("[W]hen, as here, a party fails to file an objection to an R&R, the party has waived any [appellate] review of the district court's decision.").

## CONCLUSION

In view of the foregoing, Magistrate Judge López-Soler's R&R is ADOPTED in its entirety (Docket No. 22) and the Bankruptcy Court's holding is AFFIRMED IN PART AND REVERSED IN PART.  Accordingly, the Bankruptcy Court's dismissal against Santander Financial for failure to state a *prima facie* willful violation of the discharge injunction is AFFIRMED. The case is remanded to the Bankruptcy Court to address the joinder of Island Portfolio and Luna and the claims against First Bank.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 11th day of March 2026.

                                             S/CAMILLE L. VELEZ-RIVE
                                             CAMILLE L. VELEZ-RIVE
                                             UNITED STATES DISTRICT JUDGE